UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALVIN BEASLEY and<br>HENRY JOHNSON,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| vs. | )<br>)<br>) | No. 15-2269 |
| LARRY THOMASON, et.al.,<br>    Defendants | )<br>) | |

MERIT REVIEW ORDER

    This cause is before the Court for merit review of the Plaintiffs' complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiffs, Alvin Beasley and Henry Johnson, claim their constitutional rights were violated in Vermilion County by Administrator Larry Thomason, Sheriff Patrick Hartshorn, and Officer Decker, Officer Robinson, and the Vermilion County Jail.  The Court notes this is the second lawsuit filed by the two Plaintiffs alleging problems at the jail. *see also Beasley,et.al. v Hartshorn*, Case No. 15-2255.  In the Plaintiffs' previous lawsuit, the Court has recently granted Plaintiffs' motions to sever their claims and proceed independently. *See Beasley,et.al. v Hartshorn*, Case No. 15-2255 and *Johnson v Harshorn*, Case No. 16-2013.

    In this case, the Plaintiffs again refer to themselves as "class members," but they have not identified any specific class and have not filed a motion for class certification. (Comp, p. 5).   Even if they had followed these procedures, the two pro se Plaintiffs cannot proceed on behalf of a class.  Absent class members are bound by any judgment and are therefore entitled to the assurance of competent representation afforded by licensed counsel. *See Oxendine v. Williams,* 509 F.2d

1

1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *see also Huddleston v. Duckworth,* 97 F.R.D. 512, 514-15 (N.D. Ind. 1983) (prisoners proceeding pro se not allowed to act as class representatives). Consequently, this case is not a class action and the Court will only consider the claims of the two named Plaintiffs.

The Plaintiffs previous lawsuit alleges Defendant Hartshorn violated their constitutional rights based on their living conditions at the Vermilion County Jail. *See Beasley,et.al. v Hartshorn*, Case No. 15-2255. December 10, 2015 Merit Review Order. In this case, each Plaintiff adds additional claims and Defendants concerning their living conditions in the jail during the same, general time frame. If the Plaintiffs wish to expand their living conditions claim, they should file a motion for leave to amend their complaint in their individual lawsuits clarifying their intended claims and Defendants. The Plaintiffs can not proceed with two, overlapping and repetitive lawsuits.*See Beasley,et.al. v Hartshorn*, Case No. 15-2255 and *Johnson v Harshorn*, Case No. 16-2013.

The Plaintiffs are also each adding a claim alleging the use of unconstitutional strip searches at the jail. However, neither Plaintiff clearly states when they were strip searched, nor how each named Defendant was involved in those claims. Therefore, the complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure because it does not provide enough information for the Defendants to file an answer.

The Plaintiffs are also reminded any proposed amended complaint, motion or other document filed on behalf of the Plaintiffs in this case must be signed by each of the Plaintiffs. A non-attorney cannot file or sign papers for another litigant, so as long as the Plaintiffs remain pro se, each Plaintiff must sign documents for himself. *See Al Ghashiyan v Frank,* 2008 WL 60032 at * 1(E.D. Wis. Jan. 3, 2008)( "In a case involving multiple pro se plaintiffs, one pro se plaintiff cannot sign on behalf of other pro se plaintiffs."); *Abdul-Wadood v. DeBruyn*, 1996 WL 359890, at *1 (7th Cir.1996)("one *pro se* plaintiff cannot sign on behalf of others."); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir.1986) (unrepresented litigant must sign filed documents); Fed. R. Civ. P. 11.

The Plaintiffs no longer both reside at the same institution, and the Court can not accept future motions or pleadings which do not comply with this signing requirement. *See Boretsky v. Corzine,* 2008 WL 2512916, *5 (D.N.J.2008)("jail populations are notably transitory, making joint litigation difficult."; *White v.*

2

*Tennessee Bd. of Probation and Paroles,* 2007 WL 1309402 (W.D.Tenn.2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Therefore, the Plaintiff must mail documents to each other in order to comply with this requirement. They may also choose to sever their claims as they did in their previous lawsuit, or file a motion to dismiss in this case and file motions for leave to amend their complaints in their previous lawsuits.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the complaint is a violation of Rule 8 of the Federal Rule of Civil Procedure. Plaintiffs complaint repeats or expands the claim pending in a previously filed complaint and attempts to allege a new claim without providing time frames or the specific involvement of each Defendant. Therefore, the Complaint is dismissed.

2) Any future documents filed on behalf of both Plaintiffs in this lawsuit must be signed by each of the Plaintiffs.

3) The Plaintiffs must either: a) file a joint motion to amend the complaint in this lawsuit signed by both Plaintiffs with a proposed amended complaint attached; or, b) file a motion to sever their claims. The Plaintiffs must decide which alternative they wish to pursue and file the appropriate document within 21 days of this order. If either or both Plaintiffs fail to take any action by the deadline, they will be dismissed from this lawsuit or the entire action may be dismissed. Each Plaintiff will still be responsible for payment of the filing fee.

3) The Clerk of the Court is to reset an internal merit review deadline within 30 days of this order.

ENTERED this 19th day of January, 2016.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE